E-FILED
Monday, 10 April, 2023 04:15:17 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| QUBID M. COLEMAN, ) | |
| ) | |
| Petitioner-Defendant, ) | |
| ) | |
| v. ) | Case Nos. 12-cr-40031-6 |
| ) | 21-cv-4149 |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent-Plaintiff. ) | |

## ORDER AND OPINION

**SARA DARROW, Chief U.S. District Judge:**

Now before the Court is Petitioner Qubid M. Coleman's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (d/e 485). Coleman argues that his sentencing enhancements are invalid in light of the sealing and possible expungement of his predicate state convictions. For the reasons below, the Court DENIES Petitioner's § 2255 motion (d/e 485), and DECLINES to issue a certificate of appealability.

### I. BACKGROUND

**A. Plea Agreement and Change of Plea Hearing**

In August 2012, a grand jury charged Coleman in a superseding indictment with Conspiracy to Distribute Crack Cocaine, in violation of 21 U.S.C. § 846. *See* Superseding Indictment (d/e 65). On July 11, 2013, after delays due to competency proceedings (at which the Court found Coleman competent), Coleman pled guilty to the superseding indictment pursuant to a plea agreement. *See* Plea Agreement (d/e 203). Notably, Coleman pled guilty after having the

benefit of knowing the outcome of his co-defendants' severed trial, in which his co-defendants were found guilty. In the plea agreement, Coleman acknowledged that he understood the elements of the counts to which he was pleading. *Id.* (d/e 203) at ¶¶4-6. Importantly, the parties agreed and acknowledged that he faced a mandatory minimum term of life imprisonment due to the quantity of controlled substances involved and because he agreed that he had two or more prior felony drug convictions. *Id.* at ¶7. Coleman also agreed to waive notice of his prior felony drug conviction pursuant to 21 U.S.C. § 851, and to waive his right to appeal and to file a collateral attack. *Id.* at ¶¶10-12. Specifically, with regard to his right to collaterally attack his sentence, the plea agreement stated:

> 12. The defendant also understands that the defendant has a right to attack the conviction and/or sentence collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that the defendant received ineffective assistance from the defendant's attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence were otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands the defendant's rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the defendant's right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives the defendant's right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include the defendant's right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, excepting only those claims which relate directly to the negotiation of this waiver itself.

*Id.* at ¶¶11-12.

In return, the government agreed to allow Coleman the opportunity to provide substantial assistance to the government in the investigation and prosecution of others. Coleman agreed that only upon a determination by the United States, in its sole discretion, would he be able to request the Court consider his cooperation to the United States. *See* Plea Agreement (d/e 203) at ¶17-19.

At the change of plea hearing, Coleman was put under oath and affirmed that his attorney had read the plea agreement to him word-for-word, and that Coleman understood what his attorney had read to him. P.Tr. (d/e 310) at 4. Coleman affirmed that he understood the charges against him in the superseding indictment, that he had sufficient opportunity to discuss the charges with his counsel, and that he was fully satisfied with his representation. *Id.* at 5-8. Coleman further affirmed that he understood that the plea agreement contained the parties' full agreement, that no one had made any promises to him not in the plea agreement, and that no one had threatened him to plead guilty. *Id.* at 9.

The Court went over the rights Coleman would be giving up by pleading guilty, including the right to a jury trial. Coleman affirmed that he had gone over the waivers in the plea agreement with his attorney and that he understood that he was waiving almost all of his rights to appeal any sentence that the Court might impose in the case. *Id.* at 12. Next, the Court went over the essential elements of the offense the government would need to prove at trial. *Id.* at 14-15. Coleman stated in his own words the factual basis for his plea, and then the government went over the factual basis of the evidence they would present if the case proceeded to trial. *Id.* at 15-18. Finally, the Court addressed the cooperation agreement in Coleman's plea agreement and the terms of the agreement. *Id.* at 19-20. Coleman then pled guilty and the Court accepted the plea. *Id.* at 22-23.

### B. Sentencing Hearing

The United States Probation Office prepared a Presentence Investigation Report (PSR). The PSR calculated a total offense level of 34 and a criminal history category of VI, resulting in a sentencing guideline imprisonment range of 262 months to 327 months. PSR at ¶124. However, because the statutory minimum sentence was life imprisonment, his guideline range became life. *Id.* On May 29, 2014, at the sentencing hearing, defense counsel confirmed that the defense had no objection to the calculations in the PSR. S.Tr. (d/e 388) at 9. Coleman's counsel informed the Court that he went through the PSR line by line with Coleman, and that Coleman was fully advised on the contents of the PSR. *Id.* at 4. Coleman's only objection to the PSR was that it said he was involved in a street gang, and after discussion with probation, the Court ordered the paragraphs showing a gang affiliation stricken from the PSR. *Id.* at 5, 8. The Court then adopted the findings of the PSR. *Id.* at 8-9.

Next, the government presented an in camera motion for a reduced sentence pursuant to U.S.S.G. 5K1.1 and 18 U.S.C. § 3553(e), and recommended a twenty percent reduction in Coleman's sentence. *Id.* at 11, 15. The Court granted the motion and agreed to reduce Coleman's sentence by twenty percent. The Court determined that the starting point for the sentence was life, based in part on Coleman's "really, really disturbing" criminal history. The Court found the first ten percent reduced Coleman's sentence from life to 360 months and the second ten percent resulted in a sentence of 324 months' imprisonment. *Id.* at 19. The Court also sentenced him to 10 years of supervised release. The judgment was entered on June 2, 2014. *See* Judgment (d/e 296).

### C. Direct Appeal and Resentencing

After sentencing, Coleman appealed to the Seventh Circuit. *See United States v. Coleman*, 806 F.3d 941 (7th Cir. 2015). He claimed: (1) that the Court did not adequately inform him of the collateral-attack waiver, and (2) that several conditions of his supervised release were unconstitutionally vague. *Id*. at 944. While the Court covered Coleman's appellate waiver in his plea colloquy, the Court did not explicitly refer to the collateral-attack waiver. Nonetheless, the Seventh Circuit found that Coleman failed to prove that his substantial rights were affected by the Court's error and, therefore, upheld his conviction. *See id*. at 944−46. The Seventh Circuit, however, did find that the collateral-attack waiver was too narrow because it did not allow Coleman to allege ineffective assistance of counsel "with regard to the plea agreement as a whole." *Id*. at 945. The government "promise[d] that it [would] not attempt to enforce the collateral-attack waiver against ineffective assistance of counsel claims," *id*. at 945, and also conceded the error related to supervised release conditions, *id*. at 946. Accordingly, the Seventh Circuit remanded the case to this Court for resentencing to adjust the conditions of supervised release. *Id*.

On June 9, 2016, the Court resentenced Coleman to the same periods of imprisonment and supervised release, but with different conditions of supervised release. *See* Amended Judgment (d/e 382). Coleman again appealed, but his counsel filed a motion pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). The Seventh Circuit granted the motion and dismissed the appeal. *United States v. Coleman*, 676 F. App'x 596, 597 (7th Cir. 2017).

### D. Coleman's First § 2255 Motion

On February 8, 2017, notwithstanding the waiver in his Plea Agreement, and after having received a substantial sentence reduction based on the government's compliance with the terms

of that agreement, Coleman filed his first Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. *See Coleman v. United States,* Case No. 17-cv-4046, d/e 1 (C.D. Ill.). In his motion, Coleman claimed:

> 1) that he received ineffective assistance of counsel for failing to raise a claim based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*,136 S. Ct. 1257 (2016), which resulted in Coleman's sentence being wrongfully enhanced as a Career Offender;
>
> 2) that his prior convictions for controlled substance offenses fall outside of the "term" "controlled substance offense" and he, therefore, does not qualify as a Career Offender; and
>
> 3) that in light of *Johnson* and *Welch*, his prior convictions for Aggravated Battery, Resisting a Peace Officer and Obstructing Justice no longer qualify as predicate offenses and he therefore does not qualify as a Career Offender.

*Id.* The Court denied the motion on May 15, 2020, finding that the second two claims fell within the scope of his collateral attack waiver. The Court found the remaining ineffective assistance of counsel claim was meritless. *See Coleman,* Case No. 17-cv-4046, d/e 15.

### E. Coleman's Second § 2255 Motion

On September 7, 2021, Coleman filed this Motion to Vacate, Set Aside, or Correct Sentence under to 28 U.S.C. § 2255 (d/e 485). Coleman states that on April 19, 2021, the State of Illinois expunged and sealed several of his predicate offenses. He argues that, with these convictions now expunged and sealed, he no longer has the relevant predicate convictions to be a career offender under the sentencing guidelines. Coleman alleges that his Cook County, Illinois conviction from case number 04CR2508201 was for possession of controlled substance, from case number 05CR2458201 was for aggravated battery, and from case number 2004CR784601 was for possession of a controlled substance. He alleges that it was these convictions that led to his enhanced sentence. The government has filed a response in opposition (d/e 495) and Coleman has filed a reply (d/e 498). This Order now follows.

## II. DISCUSSION

Coleman seeks to challenge his federal sentence, but he expressly bargained away his right to do so in his plea agreement. Because the right to collaterally attack a conviction or sentence is a statutory creation, it "can be waived." *United States v. Wilkozek*, 822 F.3d 364, 367 (7th Cir. 2016). As long as the waiver was knowing and voluntary, the Seventh Circuit has generally found such waivers enforceable. *See, e.g., Plunkett v. Sproul,* 16 F.4th 248 (7th Cir. 2021); *Oliver v. United States*, 951 F.3d 841, 846 (7th Cir. 2020) ("Finality matters in plea agreements, especially when the parties have negotiated for it expressly."); *Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013). Only a "'few narrow and rare' grounds for not enforcing a voluntary and effectively-counseled waiver of direct appeal or collateral review," including "if a district court relied on a 'constitutionally impermissible factor' like race or gender; if the sentence exceeded the statutory maximum; or if the proceedings lacked a 'minimum of civilized procedure.'" *Oliver*, 951 F.3d at 844; *United States v. Campbell*, 813 F.3d 1016, 1018 (7th Cir. 2016).

Here, Coleman is challenging the sentencing enhancements he received based on the alleged recent sealing or expungement of the relevant prior convictions. In his agreement with the government, he bargained away his right to bring such claims in exchange for significant concessions from the government—concessions that reduced his otherwise mandatory life sentence to 324 months' imprisonment. In reply, Coleman argues that the Court should not apply the waiver because he believes his claim has merit. However, that he now believes he has a meritorious claim is not one of the "few narrow and rare" grounds for not enforcing a valid waiver. If it were, collateral attack waivers would have no binding power at all. Accordingly, the Court must dismiss Coleman's Motion.

Moreover, even if Coleman could overcome the collateral attack waiver in his plea agreement, if Coleman only sought to bring a challenge to his designation as a career offender under the advisory Sentencing Guidelines, the Court agrees with the government that such a claim is not cognizable in a § 2255 motion. *See Hawkins v. United States*, 706 F.3d 820, 824 (7th Cir.), *opinion supplemented on denial of reh'g,* 724 F.3d 915 (7th Cir. 2013) (holding that an error calculating an advisory Sentencing Guidelines claim is not cognizable in a collateral proceeding, and finding that "a sentence that is well below the ceiling imposed by Congress . . . [cannot] be considered a 'miscarriage of justice' that can be collaterally attacked, just because the judge committed a mistake en route to imposing it."); *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014), *as amended on denial of reh'g and reh'g en banc* (Oct. 16, 2014); *Hanson v. United States*, 941 F.3d 874, 876 (7th Cir. 2019).

Of course, read liberally, Coleman's core argument should be directed at his enhanced sentence under § 841(a)(1)(a), which is what resulted in the Court starting with a mandatory life sentence prior to calculating his cooperation reduction. Nonetheless, Coleman has not presented sufficient evidence that his relevant convictions were vacated in such a way as to make him now innocent of the enhancement. "[A] defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated." *Johnson v. United States*, 544 U.S. 295, 303, 125 S. Ct. 1571, 1577 (2005). Coleman's convictions, however, have not been vacated. The documentation Coleman attaches only states which case numbers were sealed and which were expunged. It does not allow the Court to tell which convictions were sealed and which were expunged because the Court does not have information tying the case numbers to his convictions. Regardless, assuming that his predicate convictions have been expunged (and not merely sealed), Coleman has not shown that his convictions were expunged based on vacatur,

reversal, or actual innocence. Mere expungement does not prevent a conviction from being used as a valid predicate conviction for the § 841 sentencing enhancement. *See United States v. Sanders*, 909 F.3d 895, 901 (7th Cir. 2018) (noting that even if state law later provides relief from the defendant's state conviction, that does not make the conviction any less "final" for purposes of the § 841 enhancement (*citing United States v. Diaz*, 838 F.3d 968, 975 (9th Cir. 2016)), and noting that "[o]ther circuits have also 'counted prior felony drug convictions even where those convictions had been set aside, expunged, or otherwise removed from a defendant's record.'" (*quoting United States v. Law*, 528 F.3d 888, 911 (D.C. Cir. 2008) (per curiam))). *See, also, Logan v. United States*, 552 U.S. 23, 27 (2007) (*discussing Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103 (1983), which held that "a State's expungement of a conviction did not nullify the conviction for purposes of" certain firearms laws); *United States v. Jepsen*, 944 F.3d 1019, 1023-24 (8th Cir. 2019), *cert. denied*, 141 S. Ct. 176 (2020) (discussing when a modification to a qualifying state conviction later precludes or invalidates a federal enhancement based on it). If Coleman's convictions had been expunged based on vacatur, reversal, or actual innocence, he would be able to present a court order to that effect. Coleman's only evidence is a request for expungement and sealing of numerous convictions that he submitted to the state court and that was granted. This is insufficient to show that he is now innocent of the § 841 enhancement.

The Court also notes that the government argues that Coleman's motion is also untimely. However, the Court finds it unnecessary to address this argument in light of the other reasons to dismiss this motion.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of

appealability. *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the Court does not find that reasonable jurists could disagree that Petitioner's claim is barred by his collateral attack waiver in his plea agreement and otherwise meritless. Accordingly, the Court declines to issue a certificate of appealability.

### IV.  CONCLUSION

For the reasons stated, the Court DISMISSES Petitioner Coleman's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (d/e 485) as barred by his collateral attack waiver. The Court DECLINES to issue a certificate of appealability. The Clerk is DIRECTED and enter the Judgment and close the accompanying civil case, 21-cv-4149. This case is CLOSED.

Signed on this 10th day of April 2023.

>*/s/ Sara Darrow*
>Sara Darrow
>Chief United States District Judge